**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

NEERAJ MEHTA,                                    Case No: 19-cv-3857

                          Plaintiff,

      -against-

                                                 **COMPLAINT**

CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT
OF CORRECTIONS,
REKHA NAGPURKAR, in her individual and
official capacity, and
MAUREEN DANKO, in her individual and
official capacity, and
CYNTHIA BRANN, in her official capacity,

                          Defendants.           Plaintiff Demands a
                                                Trial by Jury

--------------------------------------------------------X

        Plaintiff, NEERAJ MEHTA, (hereinafter referred to as "Plaintiff" or "MEHTA"), by

and through his attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of

Defendants CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS

(hereinafter referred to collectively as "Defendant" or "DOC"), Defendant REKHA

NAGPURKAR, in her individual and official capacity (hereinafter referred to as

"NAGPURKAR"), MAUREEN DANKO in her individual and official capacity (hereinafter

referred to as "DANKO"), and CYNTHIA BRANN, in her official capacity, (hereinafter referred

to as "BRANN") and (hereinafter collectively referred to as "Defendants") upon information and

belief, as follows:

1

**NATURE OF THE CASE**

Plaintiff NEERAJ MEHTA brings this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Administrative Code of the City of New York and the laws of the State of New York, including common law defamation, and violations of the New York Labor Law, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, FMLA discrimination, disability discrimination, religious discrimination, sex/gender discrimination, percieved sexual orientation discrimination, hostile work environment, retaliation and wrongful termination at the hands of the Defendants.

**JURISDICTION AND VENUE**

1.  Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title 7, the ADA and the FMLA.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2.  Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3.  Around June 19, 2018, Plaintiff NEERAJ MEHTA submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The federal charge number is 520-2018-04625.

4.      Around April 4, 2019, Plaintiff NEERAJ MEHTA received a Right to Sue Letter from the EEOC

        for his federal charge number 520-2018-04625.

5.      As such, Plaintiff satisfied all administrative prerequisites and is timely filing this case within

        ninety (90) days of receiving her Right to Sue letter.

6.      Venue is proper in this court, as the events giving rise to this action arose in New York County

        within the Southern District of New York.


                                            **PARTIES**

7.      At all times material, Plaintiff, NEERAJ MEHTA (hereinafter referred to as "Plaintiff" or

        "MEHTA"), was and is an individual male who is a resident of the state of New Jersey, County

        of Middlesex.

8.      At all times material, Defendant, CITY OF NEW YORK was and is a city in the state of New

        York, existing by virtue of the laws of the state of New York.

9.      At all times material, Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS

        (hereinafter referred to as "NYDOC" or "Defendant"), was and is a municipal corporation in the

        state of New York, existing by virtue of the laws of the state of new york.

10.     At all times material, Defendant, REKHA NAGPURKAR (hereinafter referred to as

        "NAGPURKAR" or "Defendant"), was and is an Executive Director of IT for Defendants

        NYCDOC and held supervisory authority over Plaintiff, controlling various tangible aspects of

        his employment, including the ability to hire, discipline and fire Plaintiff.

11.     At all times material, Defendant, MAUREEN DANKO (hereinafter referred to as "DANKO" or

        "Defendant"), was and is the Deputy Commissioner of IT for Defendants NYCDOC and held

        supervisory authority over Plaintiff, controlling various tangible aspects of his employment,

including the ability to hire, discipline and fire Plaintiff.

12.     At all times material, Defendant, CYNTHIA BRANN (hereinafter referred to as "BRANN" or "Defendant"), was and is the Commissioner of the NYDOC and held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including the ability to hire, discipline and fire Plaintiff.

## STATEMENT OF FACTS

13.     Around December 21, 2015, Defendant hired Plaintiff as a computer systems manager in its Information Technology Department (IT) of the Department of Corrections.

14.     Plaintiff worked at Bulova Corporate Center located at 75-20 Astoria Blvd., East Elmhurst, NY 11370.

15.     In late 2016, Plaintiff learned that his supervisor, Defendant NAGPURKAR had disclosed highly confidential information obtained from his background check to several IT staff members who lacked any reason to know the results of Plaintiff's background check.

16.     Plaintiff was offended and troubled that his Supervisor disclosed his confidential background information for no legitimate reason.

17.     Around November 2017, Defendant NAGPURKAR commented on the fact that Plaintiff wears an earring, and asked Plaintiff if he was "gay" because Defendant NAGPURKAR believed that when men wear an earring in one ear that means they are homosexual.

18.     Plaintiff informed Defendant NAGPURKAR that he is not homosexual, but Defendant NAGPURKAR refused to drop the subject and continued to discuss Plaintiff's perceived homosexuality because of his earring, based on her gender stereotyping of how jewelry is to be worn by men.  Plaintiff was humiliated and highly offended by Supervisor NAGPURKAR's

gender stereotyping and discussion of his sexuality at work.

19. In January of 2018, Plaintiff started experiencing back pain and went to the NYCDOC's EEO office to request a lumbar support for his chair.

20. NYCDOC refused to provide the requested lumbar support until Plaintiff supplied MRI and X-Ray images of his back. As such, NYCDOC failed to provide Plaintiff with the requested lumbar support.

21. Experiencing extreme pain in his back, Plaintiff asked Defendant NAGPURKAR for permission to leave work early to see his doctor.

22. DEFENDANT NAGPURKAR granted the permission but said, "***Don't let this happen again***."

23. Upon Plaintiff's return to work the next day, it was clear that Defendant NAGPURKAR had disclosed Plaintiff's confidential medical condition to IT staff, who had no need to know Plaintiff's medical condition.

24. Plaintiff was humiliated and troubled that his supervisor had disclosed his confidential medical information.

25. Around March 1, 2018, Plaintiff filed a formal complaint regarding Defendant NAGPURKAR'S CONDUCT with the Department of Investigations.

26. Around May 6, 2018, Plaintiff suffered a slipped disc in his back, which rendered him immobile and in need of emergency medical attention. Unable to walk, an ambulance brought Plaintiff to the emergency room and the hospital admitted him as a patient for two days.

27. Around May 6, 2018, while still in the hospital, Plaintiff emailed Defendant NAGPURKAR and NYCDOC Deputy Commissioner Defendant DANKOm to report that he was in the hospital due to his slipped disc and would be unable to report to work due to his medical condition. Plaintiff requested FMLA leave and that Defendant allow him to work from home to accommodate his

disability.  Plaintiff also requested in the correspondence that his medical information be kept confidential, a request that should not have been necessary.  However, given Defendant NAGPURKAR's history of disclosing staff members' confidential medical and background check information, Plaintiff did what he felt he needed to be done to protect himself from his supervisor's unlawful disclosures.

28.  Defendant NAGPURKAR granted Plaintiff's request to work from home but told him that he was not allowed to talk to anyone in the IT Department while he worked from home.

29.  Two days later, Plaintiff was released from the hospital.  Still unable to walk or stand without excruciating pain because of the slipped disc, Plaintiff contacted NYCDOC's EEO office and requested permission to work from home until his back healed as a reasonable accommodation under the ADA.

30.  The EEO officer informed Plaintiff that NYCDOC was likely to approve four weeks of work from home accommodation.

31.  Plaintiff waited one week for Defendant to response to his accommodation request.  During this time, Defendant failed to pay Plaintiff his salary.

32.  Plaintiff's supervisor, Defendant NAGPURKAR, then denied Plaintiff's request and granted only two weeks of work from home allowance, a period insufficient to allow Plaintiff to recover.

33.  While working from home, pursuant to standard protocol, Plaintiff sent out a work email to his team addressing issues with a computer application.  Defendant NAGPURKAR responded to the email by instructing Plaintiff not to contact his team and to contact only her.

34.  In need of his job, Plaintiff physically reported back to work after two-weeks of working from home.  Not fully recovered, Defendant NAGPURKAR's instruction to Plaintiff to report back to work worsened Plaintiff's health.  Specifically, because of his premature return to work, Plaintiff

developed a lateral left ligament strain in his left leg, which remains highly painful.

35.     Upon returning to work, Defendant NAGPURKAR immediately retaliated against Plaintiff and routinely humiliated Plaintiff around his colleagues with demeaning comments directed toward Plaintiff's disability, saying such insulting comments like "***Are we going to need to get you a wheelchair?***" and "***You are like an old man***."

36.     Defendants created a hostile work environment for Plaintiff.

37.     Defendant NAGPURKAR told Plaintiff that he was to blame for his disability because he failed to pray and failed to do Yoga, as expected of good Hindis.

38.     Shortly after Plaintiff's return to work in late May 2018, Defendant NAGPURKAR began to sabotage Plaintiff's work, including leaving Plaintiff off of staff emails to keep in him in the dark about projects, timelines and deliverables.  Defendant NAGPURKAR also told Plaintiff that he was not allowed to email colleagues about work, which further handicapped Plaintiff's ability to work.

39.     Defendant NAGPURKAR also improperly micromanaged Plaintiff's work.   For example, Defendant NAGPURKAR insisted that Plaintiff start automating the application prior to the software being tested and with faulty code.

40.     Around June 18, 2018, Defendants terminated Plaintiff's employment because of his sex/gender, perceived sexual orientation, disability and religion, as well as because of his requests for a reasonable accommodation under the ADA and requests for FMLA leave.

41.     In addition to Defendant NAGPURKAR communicating Plaintiff's termination to him, Deputy Commissioner DANKO, who also objected to Plaintiff going to the EEOC office for a reasonable accommodation encouraged Defendant NAGPURKAR to terminate Plaintiff

42.     Defendants also retaliated against Plaintiff because of Plaintiff's requests for a reasonable

accommodation under the ADA and requests for FMLA leave, as well as his complaints of discrimination and formal complaint to the Department of Investigations.

43.    As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

44.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

45.    As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all the Defendants, jointly and severally.

46.    The above are just some examples of some of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

47.    Defendants' actions constituted a continuing violation of the applicable federal, state city and county laws.

48.    Plaintiff herein demands reinstatement to his position with Defendants.


### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE AMERICANS WITH DISABILITIES ACT
### (Not against any individual Defendants)

49.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

50.    Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub.

L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

51.   SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

52.   Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his disability.

53.   Defendants violated the above and Plaintiff suffered numerous damages as a result.


### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE AMERICANS WITH DISABILITIES ACT
### (Not against any individual Defendants)

54.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

55.   SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

56.   Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR VIOLATIONS OF THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not against any individual Defendants)

57.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

58.     §2612 of the Family Medical Leave Act states in pertinent part:

(a) In general
(1) Entitlement to leave
Subject to section 2613 of this title, an eligible employee shall be entitled to a total of
12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for
such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or
foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such
spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform
the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation,
determine) arising out of the fact that the spouse, or a son, daughter, or parent of the
employee is on covered active duty (or has been notified of an impending call or
order to covered active duty) in the Armed Forces.

59.     Defendants violated Plaintiff's FMLA rights by failing to provide him with appropriate leave

thereunder.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION AND INTERFERENCE UNDER THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not against any individual Defendants)

60.     Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint as if the same were set forth herein fully at length

61.    § 2615 of the FMLA states as follows:

      Prohibited acts
      (a) Interference with rights
      (1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

      (2) Discrimination:

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

62.    Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise her rights under the above section and discriminated and retaliated against Plaintiff for opposing Defendant 's unlawful employment practice and attempting to exercise his rights.


## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

63.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

64.    Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

65.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender discrimination, perceived sexual orientation discrimination, religious

discrimination and a hostile work environment.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

66.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

67.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)    provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

68.  Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

69.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

70.  Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital

status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

71.   Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex/gender, perceived sexual orientation, religion and disability.

72.   Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

73.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

74.   New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

75.   Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

76.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the

complaint.

77. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.

78. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS A TENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

80. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex/gender, perceived sexual orientation, religion and disability.

82. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

**AS AN ELEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

83.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

84.   The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

85.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS A TWELFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

86.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

87.   The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

88.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A THIRTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

89.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

90.    Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an

unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with,

or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected pursuant to this section."

91.    Defendants violated the above section as set forth herein.


**AS A FOURTEENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

92.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

93.    Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee,

Agent or Independent Contractor provides "An employer shall be liable for an unlawful

discriminatory practice based upon the conduct of an employee or agent which is in violation of

any provision of this section other than subdivisions one and two of this section." b. An

employer shall be liable for an unlawful discriminatory practice based upon the conduct of an

employee or agent which is in violation of subdivision one or two of this section only where: (1)

the employee or agent exercised managerial or supervisory responsibility; or (2) the employer

knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

94.     Defendants violated the above section as set forth herein.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.


Dated: July 2, 2019
         Los Angeles, California


                              Respectfully Submitted,

                              **DEREK SMITH LAW GROUP, PLLC**

                              */s/ Abe Melamed_____*
                              Abraham Z. Melamed, Esq.
                              One Penn Plaza, Suite 4905
                              New York, NY 10119